UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

VALENTINO SHINE, SR.,

Defendant.

**REPORT and RECOMMENDATION**

17-CR-0028(FPG)(JJM)

---

Defendant Valentino Shine is charged with various controlled substance and sex trafficking violations. Superseding Indictment [58].[1] He is proceeding *pro se* with standby counsel. Before the court is defendant's motion to dismiss [125], which has been referred to me by District Judge Frank P. Geraci, Jr. for initial consideration [18]. Although the government has not yet responded to this motion, I see no point in requiring it to do so. For the following reasons, I recommend that the motion be denied.

## ANALYSIS

Defendant's motion brought pursuant to "Fed. R. Civ. P. 12(b)(c)"[2] seeks to "dismiss and strike the Plaintiff's case without prejudice for failure to respond to [his] motion to dismiss, . . affidavit of proof of claim and failure to prosecute". [125], p. 1 of 4. He also seeks a "default judgment in the amount of $50.000 under the Civil Practice Law and Rules §3215". Id. at p. of 3 of 4.

---

[1]   Bracketed references are to the CM/ECF docket entries.

[2]   There is no such Rule either under the Fed. R. Civ. P. or Fed. R. Crim. P.

Defendant's motion attempts "to use the civil rules in a criminal proceeding without any authority or basis for doing so, particularly in light of Rule 1 of the Fed.R.Crim.P., which states specifically that the criminal rules 'govern the procedure in *all* criminal proceedings.' This is a criminal proceeding, and the civil rules do not apply." United States v. Dragotta, 869 F.2d 595 (4th Cir. 1989) (emphasis in original). *See also* United States v. Banks, 582 Fed. App'x 86, 87 (3d Cir. 2014) ("civil claims for monetary relief are not appropriately asserted in this criminal action"). For that reason, I recommend that defendant's motion be denied.

In any event, even if defendant's motion had been properly brought, I would recommend that it be denied. Although the basis for that motion is difficult to discern, defendant appears to seek relief based upon the government's failure to timely respond to his pretrial motions.[3] Pursuant to the Amended Scheduling Order [86], which set a deadline of November 29, 2017 for defendant's pretrial motions, he initially filed an "Affidavit of Rebuttal Proof of Claim", which I docketed as a motion to dismiss [89], followed by a second document that I docketed as a motion to dismiss for lack of jurisdiction [95]. The deadline for the government's responses to those motions was January 19, 2018, and on that date the government files it response [109] to defendant's second motion [95], but not his initial motion [89].

In some instances, the government's failure to respond to a defendant's argument may be deemed a waiver. *See* United States v. Madrid, 916 F.Supp.2d 730, 736 (W.D.Tex. 2012) (finding that the government waived its opposition by failing to respond to an argument). However, where a defendant's motion is meritless, there is "nothing for the government to waive". United States v. Florack, 155 F.R.D. 49, 56 (W.D.N.Y. 1994). *See also* United States v. Ocana,

---

[3] If defendant's motion seeks dismissal on a different basis, it would likely be denied as untimely pursuant to Fed. R. Crim. P. 12(c)(3).

2010 WL 4642367, *1 (E.D.Wis.), adopted, 2010 WL 4642356 (E.D.Wis. 2010) (notwithstanding the lack of opposition to a motion to suppress evidence, denying that motion where the search warrant was supported by probable cause).

That holds true here. Defendant's motion [89] appears to raise a type of "sovereign citizen" claim.[4] Without offering any legitimate authority, defendant appears to contest the jurisdiction of the court by arguing "I'm not a 14th amendment Citizen and I don't consent to contract" and "I'm, NOT a legally created person". [89], 2 of 10.[5] These "jurisdictional arguments are unpersuasive and contrary to well-established federal law" United States v. Rowell, 2016 WL 5478423, *1 (E.D. Wis. 2016), adopted, 2016 WL 5477610 (E.D. Wis. 2016).

## CONCLUSION

For these reasons, I recommend that defendant's motions to dismiss [125] be denied. Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the clerk of this court by March 15, 2018. Any requests for extension of this deadline must be made to Judge Geraci. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

---

[4] Such claims are based on the belief "that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are 'corporate' or '14th Amendment' citizens by virtue of the ratification of the 14th Amendment. The arguments put forth by these groups are generally incoherent, legally, and vary greatly among different groups and different speakers within those groups. They all rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent." United States v. Mitchell, 405 F. Supp. 2d 602, 605 (D. Md. 2005).

[5] The government has responded [109] to defendant's second motion to dismiss [95], which contains similar arguments.

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: February 26, 2018

                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge