UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

VALENTINO SHINE, SR.,

        Defendant.

**REPORT AND RECOMMENDATION**

17-CR-0028(FPG)(JJM)

---

        Defendant Valentino Shine is charged in a Superseding Indictment [58][1] with various controlled substance and sex trafficking offenses. He is proceeding *pro se* with standby counsel Michael Stachowski. Before the court are defendant's motions to dismiss [89, 95, 130] and "Notice of Habeas Corpus" [136], which have been referred to me by District Judge Frank P. Geraci, Jr. for initial consideration [18]. Oral argument of defendant's motions to dismiss [89 and 95] was held on March 9, 2018 [133]. Defendant filed his additional motions [130, 136] shortly before and after the oral argument. Although the government has not yet responded to those motions, I see no point in requiring it to do so. For the following reasons, I recommend that the motions be denied.

## BACKGROUND

        Defendant was initially charged by Criminal Complaint dated December 29, 2016, with possessing with intent to distribute and distributing crack cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). 16-MJ-1132, [1]. The Criminal Complaint was supported by the

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise denoted, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

Affidavit of Edward Williams, a Special Agent with the Department of Homeland Security. Id. On February 1, 2017, defendant was indicted [17], and a Superseding Indictment was subsequently returned on March 17, 2017 [58], charging defendant with a variety of crimes, including conspiracy to distribute cocaine base, in violation of 21 U.S.C. §846, possession of cocaine base with intent to distribute cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C), and sex trafficking, in violation of 18 U.S.C. §§1591(a), 1591(b)(1) and 2.

At the request of defendant's counsel Michael Stachowski [67] and based upon my own observations, I ordered defendant to submit to a competency exam on May 30, 2017 [73]. After reviewing the Competency Evaluation of Ana Natasha Cervantes, M.D. dated July 29, 2017 [84] and hearing from the parties, I concluded at the August 21, 2017 proceeding that defendant was competent to proceed [83]. Although I cautioned defendant about of the dangers inherent in self-representation, he elected to proceed *pro se* at that time [83, 88]. To assist defendant as much or as little as he wanted, I re-appointed Mr. Stachowski to act in a standby capacity.

Although the arguments raised in defendant's *pro se* motions are difficult to discern, each seem rooted in the "sovereign citizen" ideology.[2] Since the arguments raised in the motions are not completely uniform, I have addressed each motion individually.

---

[2]   Sovereign citizens believe "that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are 'corporate' or '14th Amendment' citizens by virtue of the ratification of the 14th Amendment. The arguments put forth by these groups are generally incoherent, legally, and vary greatly among different groups and different speakers within those groups. They all rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent." United States v. Mitchell, 405 F. Supp. 2d 602, 605 (D. Md. 2005).

## ANALYSIS

A.  **Defendant's Motion to Dismiss [89]**

Pursuant to the Amended Scheduling Order [86], defendant timely filed an "Affidavit of Rebuttal Proof of Claim", which I docketed as a motion to dismiss [89], followed by a second document, which I docketed as a motion to dismiss for lack of jurisdiction [95]. The deadline for the government's responses to those motions was January 19, 2018, and on that date the government filed it response [109] to defendant's second motion [95], but not his initial motion [89].

In defendant's February 17, 2018 motion to dismiss [125] he sought dismissal of the Superseding Indictment based on the government's failure to respond to his earlier motion to dismiss [89]. As I discussed in my February 26, 2018 Report and Recommendation [126] addressing that motion,[3] in some instances, the government's failure to respond to a defendant's argument may be deemed a waiver. *See* United States v. Madrid, 916 F.Supp.2d 730, 736 (W.D.Tex. 2012) (finding that the government waived its opposition by failing to respond to an argument). However, where a defendant's motion is meritless, there is "nothing for the government to waive". United States v. Florack, 155 F.R.D. 49, 56 (W.D.N.Y. 1994). *See also* United States v. Ocana, 2010 WL 4642367, *1 (E.D.Wis.), adopted, 2010 WL 4642356 (E.D.Wis. 2010) (denying motion to suppress evidence notwithstanding the lack of opposition to the motion).

---

[3]  Objections to the Report and Recommendation [126] were due on March 15, 2018. As of yet, none have been filed.

That holds true here. Without offering any legitimate authority, defendant appears to contest the jurisdiction of the court by arguing "I'm not a 14th amendment Citizen and I don't consent to contract" and "I'm, NOT a legally created person". [89], 2 of 10. These "jurisdictional arguments are unpersuasive and contrary to well-established federal law" United States v. Rowell, 2016 WL 5478423, *1 (E.D. Wis. 2016), adopted, 2016 WL 5477610 (E.D. Wis. 2016).

Defendant's motion also appears to seek monetary relief. [89], pp. 6-7. However, "civil claims for monetary relief are not appropriately asserted in this criminal action". United States v. Banks, 582 Fed. App'x 86, 87 (3d Cir. 2014). Therefore, I recommend that this motion be denied.

B.  **Defendant's Motion to Dismiss [95]**

Defendant appears to argue that subject matter jurisdiction requires a "damaged party who has sworn out a verified complaint against him", which is lacking in this case. He also appears to contest the jurisdiction of this court, since he is an "un-enfranchised" individual, who has "abandoned [his] status in the guaranteed 'republic form' of Government". [95], pp. 1-2 of 4. These arguments are "utterly devoid of merit. Subject matter jurisdiction over a federal prosecution is conferred on the district court by 18 U.S.C. § 3231", which gives district courts "original jurisdiction . . . of all offenses against the laws of the United States". United States v. Belt, 206 Fed. App'x 289, 289–90 (4th Cir. 2006). In other words, "[t]his court's subject matter jurisdiction depends upon whether federal crimes are alleged". United States v. Acquest Development, LLC, 932 F. Supp. 2d 453, 458 (W.D.N.Y. 2013)). Since, as the government notes, "each charge pending against the defendant are charges stemming from violations of the

United States Code" (Government's Response [109], p. 4), this court has subject-matter jurisdiction over his federal prosecution, and I recommend that this motion be denied.

C.      **Defendant's Motion to Dismiss [130]**[4]

This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6). [130], p. 1 of 3. However, "[b]ecause this is a criminal case, the Federal Rules of Civil Procedure do not apply, nor can they serve as a basis for dismissal of the indictment". United States v. Buczek, 2010 WL 742195, *1 (W.D.N.Y. 2010). In any event, even if defendant's motion had been properly brought pursuant to the Federal Rules of Criminal Procedure, I would recommend that it be denied. Although defendant repeats some of the arguments raised in his other motions, for the first time he argues that the government "cannot prove or provide any set of facts in support of their claim which would entitle them to relief". [130], p. 1 of 3. However, "the issue at this stage of the proceedings is whether federal crimes are alleged, not whether they can be proven". United States v. Huntress, 2015 WL 631976, *3 (W.D.N.Y. 2015). *See also* United States v. Shakur, 560 F. Supp. 347, 349 (S.D.N.Y. 1983) ("the basis for defendants' attack on the indictment amounts to assertions that the government will not be able to prove the indictment's allegations. Obviously, such determinations are to be left until after trial"). Therefore, I recommend that this motion be denied. Defendant will have the opportunity to test the government's proof at trial.

---

[4]     Although this motion [130] and the Notice of Habeas Corpus [136] were filed after the November 29, 2017 deadline I set for pretrial motions (Amended Scheduling Order [86], ¶2), motions such as this, which primarily appear to challenge the court's jurisdiction, may be brought at any time during the pendency of the case. *See* Rule Fed. R. Crim. P. 12(b)(2).

D.   Defendant's "Notice of Habeas Corpus" [136]

Although this motion is captioned as seeking habeas corpus relief, "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." Whitmer v. Levi, 276 Fed. App'x 217, 219 (3d Cir. 2008); Ali v. United States, 2012 WL 4103867, *1 (W.D.N.Y. 2012). Since "[a]dequate remedies [are] available in his criminal case", defendant is "not entitled to habeas corpus relief". Id. For that reason, I recommend that defendant's request for habeas corpus relief be denied.

Even if I were to treat this as a motion to dismiss, my recommendation would remain the same. Apart from repeating the arguments raised in his other pending motions, defendant appears to argue for the first time that jurisdiction is lacking because Special Agent Williams' Affidavit in support of the Criminal Complaint was "not in accordance to the New York State notary rules policies and producers (*sic*)". [136], p. 3 of 8. Even assuming that there was some defect with the Criminal Complaint, defendant is being "prosecuted pursuant to a legally sound grand jury indictment. The grand jury indictment, based upon a finding of probable cause to believe that [defendant] committed the charged offenses, supersedes any defect in the criminal complaint". Cusamano v. Donelli, 2007 WL 7216166, *8 (S.D.N.Y. 2007), adopted, 2010 WL 2653653 (S.D.N.Y. 2010).

## CONCLUSION

For these reasons, I recommend that defendant's pending motions [89, 95, 130, 136] be denied. Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the clerk of this court by April 26, 2018. Any requests for

extension of this deadline must be made to Judge Geraci. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: April 9, 2018

                                                                            JEREMIAH J. MCCARTHY
                                                                            United States Magistrate Judge