UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                Plaintiff,

Case #17-CR-28-FPG

v.

DECISION AND ORDER

VALENTINO SHINE, SR.,

                                                                 Defendant.
_____

       By Text Order dated February 1, 2017, this case was referred to United States Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 18. *Pro se*[1] Defendant Valentino Shine, Sr. is charged with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, 856(a)(1), 18 U.S.C. §§ 2, 1591(a), 1591(b)(1), and 1594(c) in a fifteen-count superseding indictment. ECF No. 58. On February 23, 2018, Defendant filed a Motion to Dismiss "[p]ursuant to Fed. R. Civ. P. 12(b)(c)," citing a "[f]ailure to respond to [the previous] motion to dismiss, [the previous] affidavit of proof of claim and failure to [p]rosecute." *See* ECF No. 125, at 1. Shortly thereafter, on February 26, 2018, Magistrate Judge McCarthy issued his Report and Recommendation (ECF No. 126), which recommends denying Defendant's Motion. No objections have been filed to the Report and Recommendation, and the time to do so has now expired.

       In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Since no objections were filed, this Court is not required to conduct a *de novo* review of Magistrate Judge McCarthy's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's

---

[1] Defendant "is proceeding *pro se* with standby counsel." *See* ECF No. 126, at 1.

factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also United States v. Male Juvenile*, 121 F.3d 34, 38–39 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). In his Report and Recommendation, Magistrate Judge McCarthy reminded the parties of Local Rule of Criminal Procedure 59(c), ECF No. 126, at 5, and he also stated, "A party who 'fails to object timely . . . waives any right to further judicial review of [this] decision,'" *id.* at 3 (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)) (alteration in original). Accordingly, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

The Court has reviewed Magistrate Judge McCarthy's Report and Recommendation for clear error and finds none. Magistrate Judge McCarthy noted the inapplicability of civil rules of procedure to a criminal proceeding. *See* ECF No. 126, at 2. Moreover, even when Magistrate Judge McCarthy attempted to construe the Motion to reach its substance, he concluded that it should still be denied—as he reasoned, Defendant's argument regarding the Government's failure to respond to his previous motion to dismiss (ECF No. 89) was unavailing, given that motion's lack of merit.[2] *See id.* at 2–3. Magistrate Judge McCarthy also determined that, to the extent that Defendant's Motion sought dismissal on grounds other than those related to the Government's response, it would likely be untimely. *See id.* at 2 n.3.

---

[2] Magistrate Judge McCarthy described Defendant's prior motions to dismiss as "appear[ing] to raise a type of 'sovereign citizen' claim." *See* ECF No. 126, at 3 & n.5. The Government responded to Defendant's second motion to dismiss (ECF No. 95), but it did not respond to the first motion (ECF No. 89).

2

Finding no clear error, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jeremiah J. McCarthy (ECF No. 126) in its entirety, and Defendant's Motion to Dismiss (ECF No. 125) is DENIED.

IT IS SO ORDERED.

DATED: April 9, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court