UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                              **REPORT AND RECOMMENDATION**

                                                                                    17-CR-0028(FPG)(JJM)

VALENTINO SHINE, SR.,

                           Defendant.
_____

          Defendant Valentino Shine is charged in a Superseding Indictment [58][1] with various controlled substance and sex trafficking offenses. He is proceeding *pro se* with standby counsel Michael Stachowski. Before the court is defendant's "First Amendment Petition for Abatement" [162], which has been referred to me by District Judge Frank P. Geraci, Jr. for initial consideration [18]. Having considered the parties' submissions [162, 172], I recommend that the Petition be denied.

## BACKGROUND

          The parties' familiarity with the background of this action, which is set forth in my earlier Reports and Recommendations [126, 149], is presumed.

---

[1]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

## ANALYSIS

Defendant's submission is styled as a "Petition for Abatement", which "in the criminal context, typically only occurs when a Defendant has died during the criminal prosecution or subsequent appeal". United States v. McAtee, 2013 WL 3364452, *2 (N.D.W. Va. 2013). However, since I have "a duty to liberally construe all pleadings made by a *pro se* party", I will treat the submission as a motion to dismiss the Superseding Indictment. Id.

The motion argues that the Superseding Indictment "is against a fictitious name, 'VALENTINO SHINE SR'", instead of his real name "'Valentino Shine Senior,' with the initial letter capitalized as required by the Rules of English Grammar for the writing of the names of natural persons". Petition for Abatement [162], ¶2. This identical argument has been rejected by other courts. For example in United States v. Furman, 168 F. Supp. 2d 609, 613 (E.D. La. 2001), defendant argued - also in a Petition for Abatement - that "his name is spelled with only the initial letters capitalized 'as required by the Rules of English Grammar for writing of the names of natural persons.'" In denying that motion, the court explained that "the difference between "WILLIAM MICHAEL FURMAN" and "William Michael Furman" is a mere change of case with absolutely no auditory significance". Id. The same holds true here.

While defendant may not be familiar with the formatting of federal court filings, "[i]t is standard, at least in this Court, for legal filings to identify parties' names in the case caption using all capital letters. This is the standard formatting for filings, and does not create a separate legal identity for the parties named." United States v. Green, 2013 WL 6198214, *4 (D. Conn. 2013). Since "[t]he Court has personal jurisdiction over the Defendant, regardless of the font used to write his name" (id.), I recommend that this portion of the motion be denied.

Defendant's argument that the Superseding Indictment misidentifies him with the generational suffix "Sr.", rather than "Senior", fares no better. First, as the government notes, that argument is highly suspect given that defendant's social security card ([172-1], p. 6 of 10 (CM/ECF)) drivers licenses (id., pp. 8, 10 of 10), and the return address used by him on his recent letters (id, pp, 2, 4 of 10),  identify him as "Sr."  Government's Response [172], pp. 3-5. In any event, "[t]he manner in which Defendant's generational suffix is written does not affect the Court's jurisdiction over Defendant." Green, 2013 WL 6198214, at *4 (finding no legal difference between identifying defendant with the generational suffix "3rd" versus "III"). Therefore, I also recommend that this portion of the motion be denied.

**CONCLUSION**

For these reasons, I recommend that defendant's Petition for Abatement [162] be denied.  Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the clerk of this court by July 9, 2018.  Any requests for extension of this deadline must be made to Judge Geraci.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of

-4-

the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: June 22, 2018

                                           /s/ Jeremiah J. McCarthy
                                          JEREMIAH J. MCCARTHY
                                          United States Magistrate Judge