UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-28-FPG-JJM

ORDER

VALENTINO SHINE, SR.,

                Defendant.

On September 25, 2019, a jury found Defendant Valentino Shine, Sr., guilty of narcotics conspiracy (Count 1), using and maintaining a drug-involved premises (Count 2), possession of cocaine base with intent to distribute (Count 3), sex trafficking (Counts 4-8), and conspiracy to commit sex trafficking (Count 9).[1] Defendant moves to strike the victim impact statement of Brittany Wieand. ECF No. 417. Defendant's motion is DENIED.

Wieand was Defendant's girlfriend during the period he committed the above offenses. The government's theory of the sex trafficking conspiracy was that Wieand assisted and conspired with Defendant to commit that offense. Despite Wieand's status as a co-conspirator, in advance of sentencing, the government submitted a statement from Wieand that it labelled a "victim impact statement."

Defendant moves to strike Wieand's statement, arguing (1) Wieand is a co-conspirator, not a victim; (2) her statement is "self-serving" and "incredible"; and (3) the prejudicial effect of her statement "far outweighs [its] probative value." ECF No. 417 at 3.

The government objects. It frames the issue as one arising under 18 U.S.C. § 3771, which affords an array of procedural rights to victims of crimes. The government asserts that Wieand is

---

[1] The Court refers to the charges as they are set forth in the redacted superseding indictment. *See* ECF No. 384.

1

a "crime victim" as defined under § 3771(e)(2) and, therefore, she has a right to submit a victim impact statement.[2]

The Court declines to strike Wieand's victim impact statement, though it does not agree with the government's position. Under § 3771(e)(2), a "crime victim" is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." Arguably, one could read the statutory definition of "victim" broadly enough to cover a co-conspirator who is subjected to maltreatment or harm by a fellow co-conspirator during a conspiracy. But in a separate provision, the statute expressly forecloses the government's interpretation: § 3771(d)(1) states that "[a] person accused of *the crime* may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1) (emphasis added). Thus, Wieand—a person accused of committing the crime of sex trafficking conspiracy—may not obtain any relief under § 3771 as a victim of that crime. *See In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1239-40 (11th Cir. 2014) (concluding, in light of § 3771(d)(1), that unindicted co-conspirator of healthcare fraud could not be a victim under § 3771(e)).

That does not end the Court's analysis, however. "[S]entencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence and that highly relevant—if not essential—to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Pepper v. United States*, 562 U.S. 476, 480 (2011) (internal quotation marks and brackets omitted). This principle is codified in statute. 18 U.S.C. § 3661 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense

---

[2] The government also argues that Wieand should be permitted to speak at sentencing. *See* ECF No. 431 at 5. Because Defendant's motion does not raise that issue—as he only moves to strike Wieand's victim impact statement—the Court need not address the matter.

which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." And 18 U.S.C. § 3553(a)(1) requires the sentencing court to consider the "the nature and circumstances of the offense and the history and characteristics of the defendant." In short, the Court is vested with broad discretion to consider information pertinent to Defendant, even if it is collateral to his offense of conviction. *See, e.g.*, *United States v. Robinson*, 520 F. App'x 20, 23 (2d Cir. 2013) (summary order) (district court did not err in considering evidence of an "unrelated homicide and an unrelated shooting at [the defendant's] sentencing hearing").

Although the Federal Rules of Evidence do not apply at sentencing, *United States v. Cofield*, No. 17-CR-610, 2019 WL 4879331, at *2 (S.D.N.Y. Oct. 3, 2019), a sentence must be based on accurate information with "some minimal indicium of reliability beyond mere allegation." *United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007). Furthermore, the government must prove facts relevant to sentencing by a preponderance of the evidence. *Id.*

Given the Court's broad discretion at sentencing, Defendant's arguments in support of his motion to strike fall flat. Whether Wieand is labelled a co-conspirator or a victim is less relevant than the information she provides about the circumstances of the conspiracy and the characteristics of Defendant. *Cf. United States v. Chang*, 59 F. App'x 361, 364 (2d Cir. 2003) (summary order) (district court did not err in relying on statements of defendant's co-conspirators during sentencing). Wieand's statement sheds additional light on those matters. The alleged manner in which Defendant manipulated and exploited his co-conspirator, and his overall indifference to others except as means to achieve his ends, are relevant to assessing his characteristics and culpability with respect to these offenses. Consequently, Wieand's statement may be relevant within the broad parameters of § 3553(a) and § 3661.

3

Defendant's secondary argument that Wieand's claims are unreliable or inaccurate is not, at this point, convincing. In Defendant's view, there is reason to doubt Wieand's claims because she was intimately involved in the trafficking of other victims, she obtained a plea deal and thus has a motive to lie, and she allegedly continues to engage in stripping and prostitution. The Court finds the latter allegation irrelevant, and the fact that Wieand is not a disinterested party does not, "standing alone, deprive the statement[] of probative value." *Id.* More to the point, while Defendant attempts to undermine Wieand's credibility, he does not deny her assertions. *See id.* (noting that co-conspirators' statements "are rendered more reliable by the fact that [the defendant] never denied [them]"). At present, the Court cannot find Wieand's claims facially unreliable or incredible.

Still, although Defendant has not persuaded the Court that Wieand's statement is so facially unreliable, irrelevant, or prejudicial as to warrant striking it, he is not barred from challenging it at sentencing. The Court will not determine the weight to be assigned to Wieand's statement until Defendant has had a full opportunity to challenge it and present any relevant evidence favorable to him. He is free to re-raise his present arguments in that context.

## CONCLUSION

For the reasons discussed above, Defendant's motion to strike (ECF No. 417) is DENIED.

IT IS SO ORDERED.

Dated: December 26, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court