UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALENTINO SHINE, SR.,

                              Petitioner,              17-CR-28-FPG
                                                                          23-CV-684-FPG

v.

                                                                          DECISION AND ORDER

UNITED STATES OF AMERICA,

                              Respondent.
_____

*Pro se* Petitioner Valentino Shine, Sr. has moved to vacate his convictions pursuant to 28 U.S.C. § 2255. ECF Nos. 549, 554.[1] He raises two arguments.[2] First, his counsel was ineffective because he failed to consult with Petitioner in connection with the direct appeal and because he "failed to investigate and call witnesses on [his] behalf." ECF No. 549 at 3; ECF No. 554 at 7. Second, there was insufficient evidence to support his sex-trafficking conviction with respect to victim "K.Y." ECF No. 549 at 3. The government opposes the motions.[3] ECF No. 553. Because Petitioner's claims lack merit, a hearing is unnecessary, and the petition is DENIED.

Relief "is generally available under [Section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "In ruling on a motion under [Section] 2255, the district court is required to hold a hearing '[u]nless the motion and the

---

[1] All ECF references cited in this decision are associated with Case No. 6:17-CR-28.

[2] The Court does not address Petitioner's facially frivolous arguments, including that he is a "holder in due course," that he does "not consent to these proceedings," that he does "[not] accept offer to contract," and that the government has no "jurisdiction" over him as a "natural man." ECF No. 554 at 4, 8; *see also Slack v. Eaton*, No. 22-CV-4347, 2022 WL 22684605, at *2 (N.D. Ga. Nov. 15, 2022) (collecting cases and noting that "courts have repeatedly rejected as frivolous arguments that people are 'sovereign citizens' who are not subject to the jurisdiction of any courts").

[3] The government argues that Petitioner's motions are untimely. ECF No. 553 at 5-9. Because Petitioner's claims lack merit, the Court need not address timeliness.

files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)).

The Court first addresses Petitioner's claims for ineffective assistance of counsel. To establish a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must show both "(1) that counsel's representation was objectively deficient, and (2) ensuing prejudice." *Boyland v. Artus*, 734 F. App'x 18, 20 (2d Cir. 2018) (summary order). "At the first step, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. At the second, they ask not whether counsel's error had some conceivable effect on the outcome of the proceeding, but whether it so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (internal quotation marks and citations omitted).

In this case, Petitioner has not alleged any prejudice resulting from his counsel's alleged errors. Regarding the appeal, Petitioner must show that, absent counsel's failure to consult with him, there was a "reasonable probability" that the outcome of appeal would have been different. *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015) (discussing in the context of a petition brought under 28 U.S.C. § 2254). But Petitioner fails to identify any prejudice resulting from counsel's failure to consult with him. *See* ECF No. 549 at 3. He does not identify any arguments he would have liked counsel to raise; he simply writes that counsel's failure "den[ied] [him] [his] right to participate in [his] defense on appeal."[4] *Id.* Absent any identifiable prejudice, Petitioner cannot sustain a claim for ineffective assistance of counsel in connection with the appeal.

Regarding counsel's alleged failure to investigate, Petitioner's claim is similarly conclusory. In his original motion, Petitioner wrote that counsel "failed to investigate and call

---

[4] To the extent Petitioner is arguing that he would have raised the other arguments stated in his motions, those arguments are meritless for the reasons stated herein, and therefore Petitioner cannot show prejudice. *See Felder v. United States*, No. 20-CV-7531, 2021 WL 3537164, at *4 (S.D.N.Y. Aug. 10, 2021) ("[P]etitioner's appellate counsel was not ineffective for failing to raise the meritless argument." (quoting another source)).

witnesses on [his] behalf," without any further explanation. ECF No. 549 at 3. In his second motion, Petitioner states that an investigation would have revealed that "there were people who drove the women to different locations where the women confided in them about me, how they were being treated and how they felt about doing what they were doing." ECF No. 554 at 7. Petitioner does not disclose the content of what these witnesses would have said.

"While failure to conduct adequate pre-trial investigation may serve as the basis for a claim of ineffective assistance of counsel under *Strickland*, a petitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation." *Wood v. Artus*, No. 15-CV-4602, 2020 WL 3256848, at *9 (E.D.N.Y. June 15, 2020) (internal citation omitted). "To the contrary, a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Id.* (internal quotation marks and brackets omitted). Petitioner's failure to disclose what a better investigation or what these witnesses would have revealed is fatal to his claim. *See Sica v. United States*, No. 18-CV-8959, 2019 WL 6341300, at *3 (S.D.N.Y. Nov. 26, 2019) ("A claim of ineffective assistance of counsel based upon failure to investigate or interview witnesses fails when the allegations are conclusory and do not show what evidence could have been uncovered to result in a different trial outcome."). Therefore, neither of Petitioner's claims for ineffective assistance of counsel merits relief.

Next, Petitioner asserts that the evidence was insufficient to support the conclusion that he coerced victim K.Y. to commit commercial sex acts by withholding heroin from her. ECF No. 549 at 3. He argues that "[n]owhere in her testimony does she say she ever got [heroin] from me." *Id.*

Petitioner does not explain the relevance of this argument. Even assuming that it is true that K.Y. never expressly testified that Petitioner withheld *heroin*, there was evidence that Petitioner withheld *crack cocaine* in order to coerce K.Y. into prostitution. *See United States v. Shine*, No. 17-CR-28, 2019 WL 6838623, at *6 (W.D.N.Y. Dec. 16, 2019) (summarizing trial testimony). Moreover, Petitioner "beat, intimidated, humiliated, and yelled at [K.Y.] on numerous occasions when she kept proceeds for herself, failed to follow his rules, or refused to work." *Id.* Based on this testimony, the Court has already concluded that there was sufficient evidence presented at trial to prove that Petitioner coerced K.Y., as well as the other named victims, "into engaging in commercial sex acts" in violation of 18 U.S.C. § 1591(a)(1). *See id.* at *5-9. The Second Circuit upheld the Court's ruling on appeal. *See United States v. Shine*, No. 20-314, 2022 WL 761520, at *2 (2d Cir. Mar. 14, 2022). Petitioner cannot relitigate this issue via a habeas petition. *See Williams v. United States*, 712 F. App'x 50, 52 (2d Cir. 2017) (summary order) ("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal."). And regardless, for the reasons stated in the Court's prior ruling, this argument lacks merit.

Accordingly, Petitioner's motions to vacate (ECF Nos. 549, 554) are DENIED. Because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The Clerk of Court is directed to close the civil case associated with the petition (Case No. 1:23-CV-684-FPG).

IT IS SO ORDERED.

Dated: May 14, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York